Elmer **DIALS,** Plaintiff,

v.

**SMC COAL & TERMINAL COMPANY and the Benefit Committee of Wolf Creek Collieries, Defendants.**

Civ. A. No. 93–337.

United States District Court, E.D. Kentucky, Pikeville.

June 23, 1995.

Leonard Stayton, Inez, KY, for Elmer Dials.

Richard C. Stephenson, James D. Allen, Stoll, Keenon & Park, LLP, Lexington, KY, Jack Horn, Inez, KY, for SMC Coal & Terminal Co. and Wolf Creek Collieries Co.

## MEMORANDUM OPINION & ORDER

HOOD, District Judge.

This matter is before the Court upon cross motions for summary judgment of the plaintiff, Elmer Dials [Dials], and the defendants, SMC Coal & Terminal Company and the Benefit Committee of Wolf Creek Collieries [SMC]. [Records No. 25 and 28]. Being fully briefed, the motions are ripe for decision.

### BACKGROUND

The case *sub judice* concerns an adverse decision of the Benefits Committee of Wolf Creek Collieries in which Dials was denied his application for continuing long-term disability benefits under SMC's long-term disability plan, medical plan, dental plan and life insurance plan [Plans]. SMC is self insured.

Dials was hired by SMC on December 21, 1971 and worked until his last day of employment on April 16, 1983. During Dials' tenure with SMC, he was injured several times including a cut thumb on July 20, 1979 [Record No. 6, Exhibit 6] and back injuries on: August 15, 1979 [Record No. 6, Exhibit 8], January 23, 1980 [Record No. 6, Exhibit 10], and March 2, 1981 [Record No. 6, Exhibit 11]. On or about July 28, 1983, Dials filed a claim for benefits for injuries he sustained on the job with Underwriters Safety and Claims, Inc. [Underwriters], the claims administrator for SMC which is self-insured. [Record No. 6, Exhibit 12]. On September 21, 1983, Dials' claim initially was approved by letter from Underwriters. [Record No. 6, Exhibit 14]. Subsequently, Dials was notified by letter dated November 2, 1992 that

his benefits would be terminated as of December 5, 1992. [Record No. 6, Exhibit 36].

Dials appealed the decision and received a hearing by the Wolf Creek Benefits Committee [Committee] on January 27, 1993. [Record No. 6, Exhibits 40 & 41]. After hearing and considering all the evidence provided by Dials, the Committee unanimously denied Dials' claim under the Plans and notified Dials of the decision by letter dated July, 20, 1993. [Record No. 6, Exhibit 51]. Dials filed a complaint against SMC on August 19, 1993 alleging breach of a contract that existed by virtue of the Plans or, in the alternative, that denial by the Committee was arbitrary and capricious. Subsequently, both parties filed the instant cross motions for summary judgment.

## REQUIREMENTS FOR SUMMARY JUDGMENT

Federal summary judgment practice is the product of three decisions handed down by the United States Supreme Court in 1986. *See Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir.1989). *Street* appraised the impact of the three cases, concluding with the following principles for summary judgment practice:

1. Complex cases are not necessarily inappropriate for summary judgment.

2. Cases involving state of mind issues are not necessarily inappropriate for summary judgment.

3. The movant must meet the initial burden of showing "the absence of a genuine issue of material fact" as to an essential element of the non-movant's case.

4. This burden may be met by pointing out to the court that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case.

5. A court should apply a federal directed verdict standard in ruling on a motion for summary judgment. The inquiry on a summary judgment motion or a directed verdict motion is the same: "whether the evidence presents a sufficient dis-agreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."

6. As on federal directed verdict motions, the "scintilla rule" applies, i.e., the respondent must adduce more than a scintilla of evidence to overcome the motion.

7. The substantive law governing the case will determine what issues of fact are material, and any heightened burden of proof required by the substantive law for an element of the respondent's case, such as proof by clear and convincing evidence, must be satisfied by the respondent.

8. The respondent cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must "present affirmative evidence in order to defeat a properly supported motion for summary judgment."

9. The trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact.

10. The trial court has more discretion than in the "old era" in evaluating the respondent's evidence. The respondent must "do more than simply show that there is some metaphysical doubt as to the material facts." Further, "[w]here the record taken as a whole could not lead a rational trier of fact to find" for the respondent, the motion should be granted. The trial court has at least some discretion to determine whether the respondent's claim is "implausible."

886 F.2d at 1479–80.

## DISCUSSION

### A. *Breach of Contract.*

Having considered the record, the Court finds that SMC is entitled to summary judgment on Dials' breach of contract claim. Dials filed the instant action for breach of a contract when his benefits were denied. Dials contends the benefit plans are contractual agreements. The defendant argues that Dials' common law breach of contract claim is preempted by ERISA which "provides an exclusive federal cause of action for resolution of such disputes." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987). The Court agrees.

■ ERISA's preemption provision, § 1144(a), provides:

> Except as provided in subsection (b) of this section, the provisions of this title . . . *shall supersede any and all State laws* insofar as they may now or hereafter relate to any employee benefit plan . . . .

29 U.S.C. § 1144(a) (emphasis added).[1] Accordingly, Dials' breach of contract claim is preempted by ERISA. Hence, SMC is entitled to summary judgment on Dials' breach of contract claim.

### B. *Standard of Review.*

Dials argued in the alternative to his breach of contract claim that the plan administrator denied his benefits claim in bad faith. SMC denies this allegation and asserts the denial was rationally related to the evidence.

The parties dispute the standard this Court should apply to the plan administrator's decision to deny benefits. Dials argues that the Court should review the decision *de novo.* SMC, on the other hand, contends that the plan administrator's decision should be upheld unless the decision was arbitrary and capricious. The Court agrees with SMC.

■ When a plan administrator is given discretionary authority to determine eligibility or construe plan terms, the reviewing court must review the decision under an arbitrary and capricious standard. *Firestone Tire and Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 956, 103 L.Ed.2d 80 (1989). Sections 4.3 and 4.4 of the Plan clearly give the plan administrator authority to construe misunderstandings and ambiguities in the Plan.

■ Determining whether the plan administrator's decision was arbitrary and capricious means determining whether it was rational and in good faith, not right. *Guy v. Southeastern Iron Workers' Welfare Fund,*

877 F.2d 37, 39 (11th Cir.1989). "Factors taken into account include '(1) uniformity of construction; (2) "fair reading" and reasonableness of that reading; and (3) unanticipated costs.'" *Id.*[2]

In *Davis v. Kentucky Finance Cos. Retirement Plan,* 887 F.2d 689 (6th Cir.1989), *cert. denied,* 495 U.S. 905, 110 S.Ct. 1924, 109 L.Ed.2d 288 (1990), the Sixth Circuit held, "[w]hen it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome, that outcome is not arbitrary or capricious." *Id.* at 693 (citing *Pokratz v. Jones Dairy Farm,* 771 F.2d 206, 209 (7th Cir.1985)).

In the case *sub judice,* SMC's benefits plans vest the plan administrator with discretionary authority to determine eligibility or construe plan terms. The pertinent provisions of the Long–Term Disability Plan are as follows:

> 4.3 *Administrator Powers and Duties:* The Administrator must administer the Plan by its terms and has all powers necessary to do so. The Administrator must interpret the Plan. The Plan has been established and is to be maintained solely in the interest of the Employees and for the exclusive purpose of providing Benefits to Employees, and the Administrator shall administer the Plan accordingly.

> 4.4 *Discretion of Administrator:* The Administrator's discretionary power to perform or consent to any act is exclusive if exercised in a uniform and non-discriminatory manner with respect to all similarly situated Employees.[3]

■ Sections 4.3 and 4.4 grant sufficient discretion to the plan administrator with respect to eligibility for benefits and construing the Plan provisions to satisfy the requirements of *Bruch.* Therefore, the denial of benefits to Dials will be reviewed by this

---

1. Section 1144(b), likewise, is not applicable as Dials' claim is not insurance related. Section 1144(b) provides that the ERISA provisions shall not "exempt or relieve any person from any law of any state which regulates insurance. . . ." § 1144(b)(2)(A).

2. The Sixth Circuit, in an unpublished opinion, cited the opinion of the Eleventh Circuit with

approval and applied the three factor analysis adopted here. *See Bowen v. Central States, Southeast and Southwest Areas Health and Welfare Fund,* 961 F.2d 1576 (6th Cir.1992).

3. The other plans provide similar language which vests such discretion in the Administrator.

Court under the arbitrary and capricious standard.

■ The Committee's denial of Dials' appeal for continued benefits was rationally related to the evidence; there is no evidence of bad faith. Dials was not "continually disabled" as defined in the Plans. Section 1.10 of the Plan provides:

A Disability that continues for more than twenty-four months (24) after the Disabled Employee becomes entitled to receive Benefits. A Continued Disability must also be a Disability that is *determined by the Administrator to render the Disabled Employee completely unable to engage in any occupation or employment* for which he is qualified or may reasonably be expected to become qualified by training, education or experience.

[Record No. 6, Exhibit 1] (emphasis added). *See also* Record No. 6, Exhibits 2, 3 & 4.

There was sufficient evidence presented at Dials' appeal for the Committee to determine that Dials did not meet the Plans' definition of "Continued Disability" with regard to each of Dials' maladies: (1) Blacklung—Dr. J. Lee Jackson determined that Dials had no breathing impairment [Record No. 6, Exhibit 19], (2) Back injury—an MRI performed on Dials' back showed Dials' back to be essentially normal except for a moderate degenerative bulge of the L5–S1 disc [Record No. 6, Exhibit 44], and (3,4) Narcolepsy and Cataplexy—Dr. Henry C. Goodman stated that tests did not confirm the presence of narcolepsy and cataplexy. [Record No. 6, Exhibit 18]. In addition, a review of the Secretary of Health and Human Services decision supports the conclusion made by the Committee with respect to Dials' injuries. [Record No. 6, Exhibit 46]. The Administrative Law Judge opined that Dials was not disabled. Based on the foregoing, the Committee's decision offered "reasonable explanation, based on the evidence, for a particular outcome," which outcome was neither arbitrary or capricious. *Davis*, 887 F.2d at 693.

■ Dials' argument that he should be entitled to receive benefits because he was awarded Social Security benefits is not persuasive because the ALJ's decision is not dispositive. *See Cox v. Mid–America Dairymen, Inc.*, 965 F.2d 569 (8th Cir.1992); *Madden v. ITT Long Term Disability Plan*, 914 F.2d 1279 (9th Cir.1990), *cert. denied*, 498 U.S. 1087, 111 S.Ct. 964, 112 L.Ed.2d 1051 (1991). The Committee could have properly denied Dials' appeal regardless of the Social Security Administration's decision as long as the denial was not arbitrary or capricious.

Dials also argues that the defendants operated under a "conflict of interest" in denying his claim. This Court follows *Miller v. Metropolitan Life Ins. Co.*, 925 F.2d 979, 984 (6th Cir.1991) (citations omitted), which held that when a fiduciary's role lies in perpetual conflict with its profit-making role as a business, the Court's review, while still applying the arbitrary and capricious standard, should be shaped by the inherent conflict of interest. Thus, this Court has considered the conflict of interest and still finds the Committee's decision rational and not arbitrary or capricious.

### CONCLUSION

Having considered the record in light of the criteria applicable to summary judgment, *see Street*, 886 F.2d 1472 (6th Cir.1989); *Darnell v. Campbell County Fiscal Court*, 731 F.Supp. 1309, 1311–12 (E.D.Ky.1990),

**IT IS HEREBY ORDERED:**

(1) That the motion of the plaintiff for summary judgment [Record No. 25] be, and the same hereby is, **DENIED;** and

(2) That the motion of the defendant for summary judgment [Record No. 28] be, and the same hereby is, **GRANTED.**